UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                 :
DAVID OKOR,                 :
                 :
                                Plaintiff,    :
                  -v-                        :          14-CV-1593 (JPO)
                 :
BOROUGH OF MANHATTAN COMMUNITY   :         OPINION AND ORDER
COLLEGE and CHAIM GINSBERG,            :
                 :
                               Defendants.   :
------------------------------------------------------------- X

J. PAUL OETKEN, District Judge:

        Plaintiff David Okor brings this suit against Defendants Borough of Manhattan Community College ("BMCC") and Chaim Ginsberg, Chair of the Business Management Department ("the Business Department") at BMCC. Okor, an adjunct professor in the Department, alleges that Defendants discriminated against him on the basis of race, in violation of 42 U.S.C. § 1981 ("Section 1981"), when they failed to promote him to a full-time professor position.[1] Defendants move to dismiss the suit. For the reasons that follow, Defendants' motion is denied.

---

[1] Okor initially asserted that Defendants also discriminated on the basis of his age and national origin, and he brought claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000-e *et seq.*, the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.*, the New York State Human Rights Law, Executive Law § 296 *et seq.*, the New York City Human Rights Law, N.Y.C. Admin. Code § 8-107 *et seq.*, and 42 U.S.C. § 1983. (Dkt. No. 11 ¶ 2.) In his opposition, however, Okor concedes that his claims under these statutes are "untimely or in other ways procedural [*sic*] deficient" and withdraws them "in their entirety." (Dkt. No. 32 ("Pl. Opp.") at 1 n.1.) The only remaining basis for Okor's suit, then, is Section 1981, which applies only to racial discrimination. *See Keating v. Carey*, 706 F.2d 377, 383–84 (2d Cir. 1983). Accordingly, the facts and analysis that follow are those relevant only to Okor's Section 1981 claim.

I.   Background[2]

   A.  Factual Background

Okor has been an adjunct business professor at BMCC since 1985.  (Dkt. No. 11 ("Am. Compl.") ¶ 12.)  He is 75 years old, black, and of Nigerian descent.  (*Id.* ¶ 7.)  He is regarded as "qualified, competent and hard-working," and has received only "positive evaluations and ratings" during his tenure.  (*Id.* ¶ 12.)

In 1985, Okor approached Ginsberg to inquire about potential promotion to a full-time professor position.  (*Id.* ¶ 16.)  (A full-time professor at BMCC earns "tens of thousands of dollars more" than an adjunct professor. (*Id.* ¶ 29.))  Ginsberg informed Okor that a "hiring freeze" was in place for full-time professors.  (*Id.* ¶ 17.)  Okor later learned, however, that this was false, and that full-time professors were in fact being hired.  (*Id.*)

Okor nonetheless continued to ask Ginsberg for a promotion.  He did so repeatedly—and unsuccessfully—between 1985 and 2010.  (*Id.* ¶ 18.)  Okor renewed his request for a promotion in 2011, but Ginsberg denied it again.  (*Id.* ¶ 19.)  That same year, however, Ann Marie Basic—a Caucasian adjunct professor with "fewer qualifications than [Okor] to teach Business courses"—was promoted to a full-time professor position in the Business Department.  (*Id.* ¶ 21.)

In 2011, Okor met with Ben O'Laughlin, of BMCC's Human Resources Department, to discuss his failure to be promoted.  (*Id.* ¶ 24.)  O'Laughlin "told [Okor] that he was denied promotions because he lacked a Ph.D."  (*Id.*)  This, Okor alleges, was false and a mere pretext for discrimination, because many full-time professors in the Business Department do not have a

---

[2] The facts below, unless otherwise noted, are drawn from the Amended Complaint, and are accepted as true on a motion to dismiss brought pursuant to Federal Rule 12(b)(6).  *Aegis Ins. Servs., Inc. v. 7 World Trade Co., L.P.*, 737 F.3d 166, 176 (2d Cir. 2013).

Ph.D. (*Id.*)  Okor met with O'Laughlin again in 2012 for the same purpose, and was again given "a false reason for his denied promotions." (*Id.* ¶ 25.)

Okor also lodged formal complaints about this alleged discrimination. In November 2011, he submitted, via letter, a complaint with BMCC. (*Id.* ¶ 26.)  BMCC took no action on the complaint. (*Id.*)  Okor filed another complaint expressing the same concerns in December 2012, this time directed to BMCC President Antonio Perez. (*Id.* ¶ 27.)  That complaint was likewise without effect. (*Id.*)

### B. Procedural History

Okor filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on July 1, 2013.[3]  (Dkt. No. 28, Ex. D.)  The EEOC issued a right to sue letter on December 9, 2013. (*Id.* Ex. E.)  Okor then filed this action on March 7, 2014, against BMCC, Ginsberg, the State of New York ("the State"), and ten John Doe Defendants. (Dkt. No. 2.)  After the State moved to dismiss (Dkt. No. 4), the Court entered a stipulation dismissing Okor's claims against the State with prejudice, withdrawing the State's motion to dismiss as moot, and directing Okor to file an amended complaint (Dkt. No. 10).  Okor did so on August 29, 2014, asserting claims against BMCC and Ginsberg only. (Dkt. No. 11.)  Defendants filed the present motion to dismiss the amended complaint on February 6, 2015. (Dkt. No. 27.)  Okor filed an opposition to the motion on March 20, 2015 (Dkt. No. 32), and Defendants replied on April 3, 2015 (Dkt. No. 33).

---

[3] The Amended Complaint alleges that Okor filed the Charge of Discrimination on April 23, 2013 (Am. Compl. ¶ 5), but Okor appears to correct this error in his opposition to the motion to dismiss (Pl. Opp. at 4).

## II. Legal Standard

To survive a motion to dismiss under Federal Rule 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The standard of "facial plausibility" is met when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Plausibility is distinct from probability, and "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of the facts alleged is improbable, and that a recovery is very remote and unlikely." *Nielsen v. Rabin*, 746 F.3d 58, 62–63 (2d Cir. 2014) (quoting *Twombly*, 550 U.S. at 556) (internal brackets and quotation marks omitted). At the same time, a court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (internal quotation mark omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

## III. Discussion

The sole claim that Okor now asserts is that the failure to promote him to a full-time professor position in the Business Department violated Section 1981. Defendants seek dismissal of this claim on the basis that it is time-barred and implausible.[4] Neither argument prevails at this stage.

---

[4] Defendants also argue that BMCC is not a proper party to this action and that all claims against it warrant dismissal. (*See* Dkt. No. 29 ("Def. Memo"), at 5.) This argument has merit. *See Henry-Offor v. City Univ. of N.Y.*, 11-CV-4695 (NRB), 2012 WL 2317540, at *1 n.1 (S.D.N.Y. June 15, 2012) ("CUNY senior and community colleges are not separate legally cognizable entities from CUNY. Thus, CUNY is the only proper institutional defendant in this action." (citing *Clissuras v. City Univ. of N.Y.*, 359 F.3d 79, 81 n.2 (2d Cir. 2004) (citation omitted))). The Court declines to dismiss BMCC at this stage, but permits Okor file a motion to substitute

### A. Statute of Limitations

Section 1981 provides that "[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts . . . as is enjoyed by white citizens."  42 U.S.C. § 1981(a).  The Supreme Court initially understood the phrase "make and enforce contracts" as not reaching conduct that followed the formation of a contract, *see Patterson v. McLean Credit Union*, 491 U.S. 164, 171 (1989), but amendments to the statute in 1991 broadened the phrase's meaning to include the "termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship," *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 373 (2004) (quoting 42 U.S.C. § 1981(b)) (internal quotation marks omitted).  As amended, therefore, Section 1981 covers claims for conduct following the formation of a contract—such as for hostile work environment, wrongful discharge, and refusal to transfer—that would not have been actionable under the pre-amended version of the statute.  *See id.*

This history is relevant here because the applicable statute of limitations for a Section 1981 claim depends on whether the claim arises under the pre-amended or current version of Section 1981.  In 1990, Congress enacted "a catchall 4-year statute of limitations" that applies to actions arising under federal statutes passed after December 1, 1990.  *Jones*, 541 U.S. at 371 (citing 28 U.S.C. § 1658).  In *Jones*, the Supreme Court explained that this federal catchall limitations period also governs "if the plaintiff's claim against the defendant was made possible by a post-1990 enactment."  *Id.* at 382.  The result is that claims alleging discrimination in the making of a contract are subject to a forum state's statute of limitations—in New York, three

---

CUNY in BMCC's place as the institutional defendant in this action, provided that he does so within 30 days.

years—while claims of discrimination following contract formation are governed by the four-year catchall period. *Andrews v. Freemantlemedia N.A., Inc.*, 13-CV-5174 (NRB), 2014 WL 6686590, at *5 (S.D.N.Y. Nov. 20, 2014) (citing *Patterson v. Cnty. of Oneida, N.Y.*, 375 F.3d 206, 225 (2d Cir. 2004); *Jones*, 541 U.S. at 382).

Two related issues of fact preclude dismissal of this action on the ground that it is time-barred.  The first is the proper characterization of the discrimination alleged by Okor.  Defendants contend that Okor's failure to promote claim is, in essence, that "improper discriminatory animus prohibited the formation of an employment contract as a full-time professor"—a claim that would have existed under the pre-amended version of Section 1981.  (Dkt. No. 33 ("Reply Memo"), at 5.)  Accordingly, Defendants argue, Okor's claim is governed by a three-year statute of limitations.

But not all failure to promote claims necessarily relate to "contract formation" within the meaning of Section 1981.  Under the pre-amended version of the statute, "a claim of discrimination in promotions [was] actionable . . . only where the promotion [rose] to the level of an opportunity for a new and distinct relation between the employee and employer." *Butts v. City of New York Dep't of Hous. Pres. & Dev.*, 990 F.2d 1397, 1411 (2d Cir. 1993) (quoting *Patterson*, 491 U.S. at 185) (alterations and internal quotation marks omitted), *superseded by statute on other grounds*, Civ. Rights Act of 1991, Pub. L. No. 102-166, 105 Stat. 1071.  A promotion that represented "simply the fulfillment of a stated promise or an implicit expectation in the original contract" would not have been actionable. *Id.* at 1411–12.  Determining whether a promotion creates a "new and distinct relation" requires examining "actual changes in [an employee's] responsibility and status," rather than mere changes in his or her title. *Id.* at 1412.  Because this determination typical necessitates a factual inquiry, a court should generally not

dismiss this type of claim at the pleading stage. *Id.*; *see also Wright v. City of Ithaca, N.Y.*, No. 5:12-CV-378 (GLS/TWD), 2015 WL 1285754, at *3 n.6 (N.D.N.Y. Mar. 20, 2015) (same).

Okor alleges that promotion from an adjunct to a full-time professor position in the Business Department comes with a salary increase of "tens of thousands of dollars." (Am. Compl. ¶ 29.) It seems likely that such a promotion is also accompanied by a material change in one's privileges, responsibilities, and status, both within the Business Department and at BMCC more generally. But the facts necessary to make that determination are not now before the Court, and it would be premature to dismiss Okor's claim in the absence of those facts.

The second relevant factual issue is the date upon which Okor's cause of action under Section 1981 accrued. "Under the federal discovery rule, a cause of action accrues when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Singh v. Wells*, 445 F. App'x 373, 376 (2d Cir. 2011) (summary order) (quoting *Pearl v. City of Long Beach*, 296 F.3d 76, 80 (2d Cir. 2002)) (internal quotation marks omitted). The sole allegation upon which Okor's Section 1981 claim is based is the promotion of Ann Marie Basic, a Caucasian and allegedly less qualified adjunct, to a full-time position in 2011. (Am. Compl. ¶ 21.) Okor does not allege, however, precisely when he knew of Basic's promotion or when Basic's promotion actually took place (which is likely the latest date when Okor ought to have known of it).[5] Okor initiated this action on March 7, 2014. Therefore, if the cause of action accrued after March 7, 2011, his claim is timely regardless of whether the applicable statute of limitations is three or four years.

---

[5] Defendants allege that Basic was offered the full-time position on December 23, 2010, accepted her appointment on January 12, 2011, and began her employment no earlier than January 28, 2011. (Def. Memo at 7.) But these are issues of fact not properly resolved at this stage. Defendants have not sought to convert their motion to dismiss to one for summary judgment, and the Court declines to do so *sua sponte*.

Defendants' motion to dismiss on the ground that Okor's claim is time-barred therefore must be denied. But, as noted below, there shall be targeted discovery limited to the above two factual issues before the case proceeds any further.

**B. Plausibility**

Defendants also ask that Okor's Section 1981 claim be dismissed as implausible.

A plaintiff bringing a Section 1981 claim must allege that (1) he is a member of a racial minority; (2) the defendant intended to discriminate against him on the basis of race; and (3) the discrimination concerned one of the activities enumerated in the statute. *Robledo v. Bond No. 9*, 965 F. Supp. 2d 470, 475 (S.D.N.Y. 2013) (citing *Brown v. City of Oneonta, New York*, 221 F.3d 329, 339 (2d Cir. 2000)). "[T]he events of the intentional and purposeful discrimination, as well as the racial animus constituting the motivating factor for the defendant's actions[,] must be specifically pleaded in the complaint." *Id.* (quoting *Jenkins v. Arcade Bldg. Maint.*, 44 F. Supp. 2d 524, 528 (S.D.N.Y. 1999)) (internal quotation marks omitted). On a motion to dismiss, the plaintiff "need not plead a prima facie case or satisfy the burden-shifting framework of [*McDonnell–Douglas Corp. v. Green*, 411 U.S. 792, 800 (1973)]," *Roman-Malone v. City of New York*, 11-CV-8560 (PAC), 2013 WL 3835117, at *4 (S.D.N.Y. July 25, 2013) (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 507 (2002)), but must nonetheless state a claim that is plausible on its face, *id.* (citing *Hedges v. Town of Madison*, 456 F. App'x 22, 23 (2d Cir. 2012) (summary order)).

Defendants contend that Okor's allegation that Defendants' promotion of Basic rather than him was racially discriminatory is merely a "conclusory allegation[] of wrongdoing." (Def. Memo at 14.) The Court disagrees. Okor has alleged that he is a member of a protected class (Am. Compl. ¶ 7); that Defendants, by promoting a Caucasian adjunct professor with fewer

relevant qualifications than he had, intentionally discriminated against Defendant on the basis of his race (*id.* ¶ 21); and that the discrimination concerned conduct within the scope of Section 1981.  Okor has stated a plausible claim to relief.  Defendants' motion to dismiss on this ground is denied.[6]

**IV.  Conclusion**

For the foregoing reasons, it is hereby ORDERED that:

1. Defendants' motion to dismiss is DENIED.

2. Defendants shall file their answer on or before July 10, 2015.

3. The parties are directed to proceed with discovery on the sole issues of (1) when Okor's Section 1981 claim accrued and (2) the changes in responsibility and status when a business professor at BMCC is promoted from an adjunct position to a full-time position.  This period of discovery shall begin immediately and shall close on August 31, 2015.

4. Defendants may, on or before September 18, 2015, file a motion for summary judgment on the statute of limitations issue.

5. Should Defendants choose not to file a motion for summary judgment at that time, the parties shall proceed with the balance of discovery, which shall close on November 30, 2015.

---

[6] Defendants also argue that Okor's claim is insufficiently pleaded because he fails to allege that the discriminatory conduct was performed pursuant to a municipal policy or custom, and because he has failed to allege that Defendant Ginsberg was personally involved in the discriminatory conduct. (Reply Memo at 8–9.)  But Defendants raise these arguments only in their reply brief to Okor's opposition.  "[A]s a general rule, courts will not consider arguments raised for the first time in a reply brief." *Estate of Ungar v. Palestinian Auth.*, 451 F. Supp. 2d 607, 611 (S.D.N.Y. 2006) (citing *Playboy Enters., Inc. v. Dumas*, 960 F. Supp. 710, 720 n.7 (S.D.N.Y. 1997), *aff'd*, 159 F.3d 1347 (2d Cir. 1998)).  The Court accordingly declines to consider these arguments on this motion, but without prejudice to Defendants' ability to raise them at a later stage in the litigation.

6. Okor may file a motion to substitute CUNY in place of BMCC as the institutional defendant in this action, provided that he does so within 30 days.

The Clerk of Court is directed to close the motion at docket number 27.

SO ORDERED.

Dated: June 16, 2015
       New York, New York

_____
J. PAUL OETKEN
United States District Judge