```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
  DAVID OKOR,                                              :
                                                           :
                              Plaintiff,                   :
                   -v-                                     :     14-CV-1593 (JPO)
                                                           :
  CITY UNIVERSITY OF NEW YORK and                          :     OPINION AND ORDER
  CHAIM GINSBERG,                                          :
                                                           :
                              Defendants.                  :
----------------------------------------------------------- X
```

J. PAUL OETKEN, District Judge:

In this action, Plaintiff David Okor alleges that Defendants the City University of New York ("CUNY") and Chaim Ginsberg discriminated against him on the basis of his race, in violation of 42 U.S.C. § 1981 ("Section 1981"), by failing to promote him from adjunct to full-time professor. Defendants move for summary judgment under Federal Rule of Civil Procedure 56. For the reasons that follow, the motion is granted.

**I.    Background**

Okor is an adjunct business professor at Borough of Manhattan Community College ("BMCC"), a college within CUNY. (Dkt. No. 63 ¶ 6; *see also* Dkt. No. 34 at 2.) Ginsberg is Chair of the BMCC Business Management Department.

Okor has worked as an adjunct professor at BMCC since 1985 and has applied for multiple promotions during his employment. On September 22, 2010, BMCC posted an opening for a full-time business professor. (Dkt. No. 63 ¶ 7.) Okor, who is black, applied and interviewed for the job. (*Id.*) Anne Marie Basic, who is white, was offered the position. (*Id.* ¶ 9.) She began working as a full-time Assistant Professor on January 28, 2011. (*Id.* ¶ 9.)

1

After Basic was hired, Okor met with BMCC's Human Resources Department to contest the decision not to promote him to a full-time position.  He also lodged formal complaints with BMCC and, on July 1, 2013, filed a discrimination charge with the Equal Employment Opportunity Commission ("EEOC").  (Dkt. No. 28-4.)  In the EEOC charge, Okor alleged that his work environment was "rife with racially discriminatory policies and conduct," that he had been denied promotions on the basis of his race, and that BMCC employees threatened to fire him if he complained about racial discrimination.  (*Id.* at 2.)

Okor filed this action on March 7, 2014.  (Dkt. No. 1.)  Defendants thereafter moved to dismiss the Amended Complaint on the ground that Okor's Section 1981 claim was time-barred and implausible.  (*See* Dkt. Nos. 29, 34 at 4.)  The Court denied the motion and directed the parties to proceed with discovery on the limited issues of (1) when Okor's Section 1981 claim accrued and (2) the changes in responsibility and status when a business professor at BMCC is promoted from an adjunct to a full-time position.  (Dkt. No. 34 at 9.)  Defendants now move for summary judgment on the two issues identified by the Court.  (Dkt. Nos. 53, 59.)

## II.   Legal Standard

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A dispute is genuine if, considering the record as a whole, a rational trier of fact could find in favor of the non-moving party.  *Ricci v. DeStefano*, 557 U.S. 557, 586 (2009) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

In assessing a motion for summary judgment, the court views the evidence "in the light most favorable to the non-moving party and draw[s] all reasonable inferences in its favor." *Allen v. Coughlin*, 64 F.3d 77, 79 (2d Cir. 1995) (citation omitted). "It is well established that '[c]redibility assessments, choices between conflicting versions of the events, and the weighing of evidence are matters for the jury, not for the court on a motion for summary judgment.'" *Curry v. City of Syracuse*, 316 F.3d 324, 333 (2d Cir. 2003) (citation omitted).

### III. Discussion

The question at this juncture is whether Okor's Section 1981 claim is time-barred. Defendants argue that Okor's claim accrued on or before January 28, 2011, and is subject to a three-year statute of limitations. Okor contends that his claim is governed by a four-year statute of limitations. He argues in the alternative that his claim accrued "as recently as 2014" and thus falls within either limitation period. (Dkt. No. 64 at 7.)

#### A. Statute of Limitations

The Court addressed the statute of limitations applicable to Section 1981 claims in its June 16, 2015 Order denying Defendants' motion to dismiss. *Okor v. Borough of Manhattan Cmty. College*, No. 14-CV-1593, 2015 WL 3750630, at *2-3 (S.D.N.Y. June 16, 2015). As explained in that Order, the applicable statute of limitations for a Section 1981 claim depends on whether the claim arises under the current version of Section 1981, which was amended by the Civil Rights Act of 1991, or under the pre-amended version of the statute. *Id.* at *2; *see also Wright v. City of Ithaca*, No. 15-1293-CV, 2016 WL 860420, at *1 (2d Cir. Mar. 7, 2016). Claims "made possible by a post-1990 enactment" are subject to a four-year statute of limitations. *Okor*, 2015 WL 3750630, at *2 (quoting *Jones v. R.R. Donnelly & Sons Co.*, 541 U.S. 369, 382 (2004)). Claims arising under the pre-amended version of Section 1981 are

governed by the forum state's statute of limitations, which in this case is three years. *Id.* (citation omitted.)

A failure-to-promote claim arises under the pre-amended version of Section 1981 if the promotion at issue constitutes "an opportunity for a new and distinct relation between the employee and the employer." *Wright*, 2016 WL 860420, at *2 (quoting *Patterson v. McLean Credit Union*, 491 U.S. 164, 185 (1989)). A promotion meets this standard when it involves a "substantial increase in status or responsibility." *Id.* (quoting *Butts v. City of N.Y. Dep't of Hous. Pres. & Dev.*, 990 F.2d 1397, 1412 (2d Cir. 1993)). To determine whether a promotion entails a sufficiently substantial change in status or responsibility to be actionable under the pre-amended version of Section 1981, courts consider a range of factors, including the nature of the employee's work, the promotion process, and the salary and benefits attendant to the new position. *See id.* at *2 (examining "base pay and . . . promotional opportunities," whether a promotion was "routine," and whether it involved an application, exam, or new oath of office); *Okor*, 2015 WL 3750630, at *3 (noting that a promotion that "simply . . . fulfill[s] . . . a stated promise or an implicit expectation" in an earlier contract is not actionable under the pre-amended statute).

The parties dispute whether promotion from an adjunct to a full-time professor is actionable under the pre-amended or current version of Section 1981. They agree, however, on nearly all of the factual distinctions between the two jobs. Okor, CUNY, and Ginsberg concur that adjunct employees differ from full-time instructional staff insofar as adjunct professors: (1) are initially hired on a per-semester basis; (2) receive hourly wages rather than salaries; (3) are not protected by Article 21 of the applicable Collective Bargaining Agreement; (4) are not on the tenure track; (5) do not receive the same job protections as full-time staff members; (6) do not

have "faculty rank" or voting rights; and (7) make "tens of thousands of dollars" less than full-time instructional staff members. (Dkt. No. 63 ¶¶ 13-17, 21, 25-29, 34-36.) Okor identifies several similarities between the positions, including parity in evaluation procedures and job duties and a presumption of continuous employment for adjunct professors after five years of satisfactory performance. (*Id.* ¶¶ 11, 18, 19.) But he does not dispute the basic distinctions in payment, job protection, and status between adjunct and full-time positions.

These undisputed distinctions render adjunct and full-time professorships essentially and substantially different jobs, and thus, make Okor's claim actionable under the pre-amended version of Section 1981. *See Wright*, 2016 WL 860420, at *2 (concluding that denial of a promotion "from police sergeant to police lieutenant" arises under the pre-amended statute); *Butts*, 990 F.2d at 1412 (listing actionable promotions under the pre-amended statute, including "a move from factory worker to foreman, foreman to foreman supervisor, or manager to officer").

Okor notes, correctly, that in some cases the failure to promote an employee is actionable only under the amended version of Section 1981. *See e.g.*, *Vuong v. New York Life Ins. Co.*, No. 03-CV-1075, 2009 WL 306391, at *10 (S.D.N.Y. Feb. 6, 2009) ("[P]laintiff's claims concerning the failure to promote him to sole Managing Partner are governed by the four year limitations period."). But this is not such a case. Even viewing the evidence in the light most favorable to Okor, and drawing all inferences in his favor, there remains no genuine dispute of material fact as to whether promotion to a full-time professor position was "an opportunity for a new and distinct relation" with BMCC. *Wright*, 2016 WL 860420, at *2; *see also Saunders v. George Washington Univ.*, 768 F. Supp. 854, 863-864 (D.D.C. 1991) (Oberdorfer, J.) (holding that a reasonable jury could conclude that promotion "from a contract [professor] position to a tenure

accruing-one" constitutes a "new and distinct relation" under the pre-amended version of Section 1981). Accordingly, Okor's claim is subject to New York's three-year statute of limitations.

### B. Date of Accrual

Given that a three-year statute of limitations applies, the dispositive question is when Okor's claim accrued. "Under the federal discovery rule, a cause of action accrues when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Okor*, 2015 WL 3750630, at *3 (quoting *Singh v. Wells*, 445 F. App'x 373, 376 (2d Cir. 2011) (summary order)). The parties agree that Basic was offered the position of Assistant Professor on December 23, 2010, and began working in that role on January 28, 2011.[1] (Dkt. No. 63 ¶ 10.) Thus, to be timely, a claim based on the failure to promote Okor to the position filled by Basic must have been filed on or before January 28, 2014. This action was filed on March 7, 2014.

Rather than contest this timeline, Okor argues that his Section 1981 claim is based on a more recent failure to promote. He contends, specifically, that "he continually articulated his interest" in a full-time position and was effectively denied a promotion on or before July 2, 2014, when he learned that BMCC had appointed four new "full-time Business instructors," none of whom are "of Nigerian descent." (Dkt. Nos. 49 ¶ 32; 62 at 7-8; 63 ¶¶ 39-40.)

There are two problems with this assertion. First, this Court has already held that "[t]he sole allegation upon which Okor's Section 1981 claim is based is the promotion of Ann Marie Basic . . . to a full-time position in 2011." *Okor*, 2015 WL 3750630, at *3. Second, while Okor alleges that no person "of Nigerian descent" was offered a full-time position in 2014, he does not allege that BMCC denied him a promotion based on race rather than national origin or some

---

[1] Okor does not appear to dispute that he knew, or should have known, that he had been denied the promotion by the date that Basic began working as an Assistant Professor at BMCC. (Dkt. No. 64; *see also* Dkt. No. 63 ¶ 10.)

other trait. (Dkt. No. 49 ¶ 32.) Because Section 1981 "applies only to racial discrimination," and because the operative Complaint contains no racial discrimination claim based on events after the promotion of Ann Marie Basic, there is no genuine dispute of material fact as to when Okor's Section 1981 claim accrued. *Okor*, 2015 WL 3750630, at *1 n.1 (citing *Keating v. Carey*, 706 F.2d 377, 383-84 (2d Cir. 1983)). The Court thus concludes that Okor's Section 1981 claim accrued on January 28, 2014, at the latest, and as a result is time-barred.

## IV. Conclusion

For the foregoing reasons, Defendants' motion for summary judgment is GRANTED. The Clerk of Court is directed to close the motions at docket numbers 53 and 59 and to close this case.

SO ORDERED.

Dated: May 4, 2016
New York, New York

_____
J. PAUL OETKEN
United States District Judge